IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

FILED IN OFFICE

MAY 1 2 2009

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

BYOUNG N. KIM;                    )
                                  )
        Plaintiff,                )
                                  )    Civil Action File No. 2009CV169018
                                  )
vs.                               )
                                  )
CITIMORTGAGE, INC.; MORTGAGE      )
ELECTRONIC REGISTRATION           )
SYSTEMS; and DOES 1 through 10,   )
inclusive,                        )
                                  )
        Defendants.               )

## COMPLAINT

Plaintiff, BYOUNG N. KIM (hereafter, "Plaintiff"), by and through her attorney, hereby

files this Complaint against Defendants, CITIMORTGAGE, INC.; MORTGAGE

ELECTRONIC REGISTRATION SYSTEMS; and DOES 1 through 10, inclusive, showing the

court as follows:

### PARTIES

1.    Plaintiff, BYOUNG N. KIM, is an individual residing at 745 Emory Bluff, Duluth,

Georgia  30097 (herein after "Subject Property"), at all times mentioned herein.

2.    Upon information and belief, Defendant CITIMORTGAGE, INC. (hereinafter

"CitiMortgage") at all times mentioned herein regularly conducts extensive business in the State

of Georgia.

3.    Upon information and belief, Defendant MORTGAGE ELECTRONIC REGISTRATION

SYSTEMS (hereinafter "MERS") at all times mentioned herein regularly conducts extensive

business in the State of Georgia.

4.      Plaintiff is ignorant of the true names and capacities of Defendants sued as DOES 1-10,

inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this

Complaint to allege their true names and capacities when ascertained.

5.      Plaintiff is informed and believes, and based on information and belief, alleges that at all

times mentioned in this Complaint Defendants were agents, servants, partners, and/or employees

of co-defendants, and in doing the action mentioned below were, unless otherwise alleged,

within the course and scope of their authority as such agent, servant, partner, and/or employee

with the permission and consent of co-defendants.

6.      Any allegations about acts of any corporate or other business defendant means that the

corporation or other business did the acts alleged through its officers, directors, employees,

agents, and/or representatives while they were acting within the actual or ostensible scope of

their authority.

7.      Plaintiff believes and is informed and, on that basis, alleges, that each of said Defendants,

include the DOE Defendants, were in some manner legally responsible for the unlawful actions,

unlawful policies, and unlawful practices, complained herein. Plaintiff will amend this

Complaint to set forth the true names and capacities of said Defendants, along with the

appropriate charging allegations when the same have been ascertained.

8.      Venue is proper in this Court because injury and damage to Plaintiff occurred in its

jurisdictional area, the property is located in this jurisdictional area, and the unlawful practices

were committed in this jurisdictional area.

## GENERAL ALLEGATIONS

[Type text]

9.    This action is brought against Defendants who engaged in fraud, conversion, defamation, deceptive and unfair practices, and other illegal and wrongful acts under the rubric of unfair business practices.

10.    As mortgage lenders, Defendants engaged in illegal activity in the practice of originating, profiting transferring, assigning, selling and/or developing home mortgage loans.

11.    Defendants failed to maintain fair, prudent and truthful underwriting standards, wrongfully motivated by the profits to be made in the secondary market rather than the actual ability of the borrower to repay.

12.    Plaintiff was targeted for a loan that held maximum profitability value, which meant the costliest, riskiest loan for the Plaintiff, with little or no long-term viability.

13.    Defendants failed to take reasonable precautions to make certain the Plaintiff understood the actual terms, risks, and consequences of their loan, and in fact obstructed the process of a borrower obtaining the necessary information to make the most prudent decision possible. Plaintiff's application for the unduly risky loan was further aided by inflated appraisals and lax quality control.

14.    Defendants are mortgage lenders, investors and wholesalers, and as a pattern and deliberate practice, they focused on creating massive amounts of unduly risky residential mortgage loans ("RML") for profitability. This is because Defendants' income stream came not only from fees for originating loans but also servicing loans. Defendants maintained very little risk and only in limited circumstances such as documentation errors, underwriting errors, fraud, or early payment defaults. In turn, Defendants bore little monetary cost and received optimal financial benefit for inducing consumers to take the most expensive loans possible with little limitations as to qualifications.

15.    While Defendants claimed to maintain underwriting guidelines that assessed the ability of the Plaintiff to repay the debt, they purposefully relaxed their underwriting guidelines and sold a risky loan

[Type text]

product in order to increase their loan origination volume. Defendants' underwriting standards eventually grew so lax that in many instances, its underwriters took no meaningful steps to determine whether borrowers like the Plaintiff could actually repay a loan, as the loans were not for servicing debt but for the purpose of funding higher loan volumes at leveraged returns.

16.    An aspect of this systematic misconduct was the Defendants' compensation structures and policies for employees, brokers, loan officers, and related Defendants. They were encouraged and duly rewarded to steer Plaintiff to larger principal loan amounts in order to maximize their own profits.

17.    Furthermore, in order to support Plaintiff's application for the unduly risky loan, Defendants by and through their agents, employees and contracted appraisers, inflated the appraised value of the loan applicant's home.

18.    Essentially, Defendants' business model relied on a perpetual increase in Plaintiff's home valuation because many loans such as Plaintiff's were at or near 100% loan to value. As soon as the housing market flattened, Plaintiff incurred substantial negative equity in his home. Additionally, through Defendants' policies of choosing the appraiser and hiring only appraisers that would appraise the value of the property at whatever the Defendants' loan called for, Defendants could increase the property value and therefore increase the loan amount subsequently raising their fees in the process. Also, by increasing the value of the loan, Defendants would be able to resell the loans at a higher price to increase their profit margins.

19.    Defendants created residential mortgage loans (hereinafter "RML") that Defendants sold to Plaintiff with the intent and design to fraudulently and negligently maximize profits.

20.    The Defendant induced Plaintiff to accept Defendants' risky loan by misleading and false statements, and withholding of material information.

21.    The Defendants knew or should have known that Plaintiff's loan was not viable and would likely to result in foreclosure, due to Defendants' acts, intentions and designs.

<u>**SPECIFIC ALLEGATIONS**</u>

[Type text]

22.    Plaintiff purchased the subject property in February of 2008 for the amount of approximately $425,000.00. The Purchase price was paid with a down payment of $42,500.00 from Plaintiff's personal funds and a loan from CitiMortgage in the amount of $382,500.00.

23.    The loan amount is stated as $382,500.00 on the security deed and note. The Settlement Statement. HUD-1, states loan amount is $377,852.35.

24.    Plaintiff's loan was based on stated income. To the best of Plaintiff's knowledge, Plaintiff did not submit any verifying secondary documents such as tax returns. Plaintiff only recalls answering some questions over the phone with defendant's agent. Plaintiff was told everything would be taken care of for him and that the lender did not need further information.

25.    Plaintiff was also told the appraised value of the property was the key basis for obtaining the loan.

26.    Therefore, the Defendants had Plaintiff pay for appraisals in order to obtain the appraisal value necessary to support the Loan. By and through their agents, Defendants assured Plaintiff that markets would continue to rise as to residential home values and that she would be able to refinance shortly if necessary, or sell the home at a profit if Plaintiff could not afford the loan in the long-term. Defendants are now refusing to refinance or modify Plaintiff's loan in part due to a lack of equity in the Home.

27.    In spite of what Plaintiff was promised and made to rely on, Plaintiff cannot attempt a refinance, because his home value is too low, having had an inflated valuation in the first place.

28.    Moreover, Plaintiff cannot sell the home, as the fair market value is significantly lower than the mortgage loan.

29.    Plaintiff is trapped in a loan he cannot afford in less than two years after its issuance, in spite of his reliance on the experts in the marketplace – the lenders and it subsidiaries and assigns

[Type text]

– that the property and her qualifications fit the loan for a 30-year period

30.    Defendants did not offer any other loan options to Plaintiff.

31.    Plaintiff was improperly qualified for the loan and would never have accepted this loan with its risks but for the Defendants' statements, omissions, and actions.

32.    The information on the Truth In Lending Act ("TILA") documents is substantially different from the information contained in the actual Note.

33.    Plaintiff has resided in Subject Property for over one (1) year and is now facing imminent foreclosure and sale of his home.

## CAUSES OF ACTION

## COUNT I

## VIOLATION OF THE GEORGIA UNIFORM DECEPTIVE TRADE PRACTICES ACT (AS TO ALL DEFENDANTS)

34.    Plaintiff realleges and incorporates by reference all paragraphs above, as though fully set forth in this cause of action.

35.    A person engages in a deceptive trade practice within the meaning of the Uniform Deceptive Practices Act (UDTPA) when he "causes a *likelihood* of confusion or of misunderstanding," misrepresentations are made concerning approval or certification of a product, the standard, quality or grade of a product is misrepresented, OR any other conduct exists that similarly creates a likelihood of confusion or misunderstanding. O.C.G.A. § 10-1-372(a)(2), (5), (7), (8), (12).

36.    Defendants as mortgage lenders, by engaging in illegal activity in the practice of profiting originating, transferring, assigning, selling and/or developing home mortgage loans in the general marketplace via misrepresentation and fraud, have committed deceptive trade practices in the state of Georgia in violation of O.C.G.A. § 10-1-370 et seq.

[Type text]

37.    Defendants' fraudulent acts, deliberately misleading and false statements through multiple different addendums and riders, change of underwriting standards and their clearly predatory business model is undoubtedly likely to lead to confusion and misunderstanding.  As a result of Defendants' acts, there is likelihood of confusion and misunderstanding about the legitimacy of the RML sold by the Defendants, the actual terms and conditions of the RML and their application to Plaintiff, and the dangerous and unnecessary risks of financial and emotional hardship inherent in the RML.  Defendants engaged in such deceptive trade practices for their wrongful profit, intentionally preying on the Plaintiff' and other consumers' limited access to information, understanding and capacity regarding the product the Defendants designed, manufactured, and originated – the RML.

38.    Such practices included falsely promising that Plaintiff may refinance for an optimal fixed interest at a time of their choosing, falsely assuring the value of the property, and representing that the RML is approved based on Plaintiff's and the home's actual financial conditions.

39.    Plaintiff has been caused irreparable harm and great financial hardship due to Defendants' deceptive trade practices.

   WHEREFORE, Plaintiff prays for interlocutory and permanent injunctive relief as set forth below.

## COUNT II
## VIOLATION OF THE GEORGIA RESIDENTIAL MORTGAGE ACT
## (AS TO ALL DFENDANTS)

40.    Plaintiff realleges and incorporates by reference all paragraphs above, as though fully set forth in this cause of action.

[Type text]

41.    The Georgia Residential Mortgage Act (GRAMA) governs mortgage lenders and the manner in which they transact with borrowers by explicitly prohibiting acts. Yet, these are the very acts that were committed by the Defendants.

42.    Defendants violated O.C.G.A. § 7-1-1013 (1) by misrepresenting the material facts, making false statements and promises, and submitting false statements and/or documents that influenced, persuaded, and induced the Plaintiff in their application for and execution of a mortgage loan, and, through agents or otherwise, pursued a course of misrepresentation to the Plaintiff by use of numerous confusing, misleading, fraudulent and/or unauthorized documents and other means.

43.    Defendants violated O.C.G.A. § 7-1-1013(2) by misrepresenting and concealing and causing another to misrepresent or conceal material factors, terms and conditions of the mortgage transaction to which Defendants, mortgage lenders or brokers, were a party, pertinent to the Plaintiff or in the Plaintiff's application for a mortgage loan.

44.    Defendants violated O.C.G.A. § 7-1-1013(6) by engaging in transactions, practices, and course of business which were not in good faith or fair dealing, and which operated as a fraud upon the Plaintiff, in connection with the attempted and actual origination of the Plaintiff's mortgage loan.

45.    Defendants violated O.C.G.A. § 7-1-1013(7) by engaging in fraudulent home mortgage underwriting practices.

46.    Defendants violated O.C.G.A. § 7-1-1013 (9) by making, directly or indirectly, a residential mortgage loan with the intent to foreclose on the borrower's property. The presumption per the GRMA statue is met in that at the time loan was made, there was: (a) a lack of substantial benefit to the borrower; (b) lack of probability of full payment of the loan by the

[Type text]

borrower; and (c) there exists a significant proportion of similarly foreclosed loans by the Defendants per their unfair, fraudulent and deceptive acts practices, and systems.

47.    Defendants violated O.C.G.A. § 7-1-1013(10) by collecting a mortgage debt through extortionate means, in that Defendants do not have the right to collect on the illegal loan, but have threatened negative credit reporting, declaration of default and foreclosure in an extortionist attempt to collect.

48.    Through their misrepresentations, concealment of material facts, fraudulent actions, and bad faith and predatory business practices set up to exploit the Plaintiff for the Defendants' maximum profit, Defendants acted with wanton disregard as to the benefit or harm to the Plaintiff in the making and servicing of the loan rampantly violated explicit statutory restrictions per the GRMA.

49.    Furthermore, Defendants' actions were intentional, oppressive, and with fraud or malice in conscious disregard of Plaintiff's consumer protection rights, thereby justifying the award of punitive damages in an amount to be proven at trial.

50.    Defendants' violations of the GRMA have caused Plaintiff damage in an amount to be determined at trial. At a minimum, it includes the amount overpaid by Plaintiff on the fraudulently obtained RML on the Subject Property.

WHEREFORE, Plaintiff pray for judgment as set forth below.

### COUNT III
### BREACH OF IMPUTED DUTY PER GEORGIA
### FAIR BUSINESS PRACTICES ACT
### (AS TO ALL DEFENDANTS)

51.    Plaintiff realleges and incorporates by reference all paragraphs above, as though fully set forth in this cause of action.

[Type text]

52.     Under the Georgia Fair Business Practices Act, Defendants owe a duty to the Plaintiff, as businesses availing themselves of the marketplace, to act with due care, diligence and good faith in developing, originating, marketing and selling their loan products.  O.C.G.A. § 10-1-390 et seq.

53.     Defendants breached their duty by deliberately leading Plaintiff into an unnecessarily costly loan, failing to properly assess the suitability of the loan as to the Plaintiff's ability to pay, artificially inflating the property value, failing to properly inform and explain actual terms, conditions, costs and risks of the loan, and maintaining a system of practice that rather than controlled, encouraged wanton and reckless conduct towards the Plaintiff in regards to the Loan.

54.     As direct a result of the Defendants' breach, Plaintiff has been greatly harmed.

55.     Defendants' breach has caused Plaintiff damage in an amount to be determined at trial. At a minimum, it includes the amount overpaid by Plaintiff on the illegally obtained RML on the Subject Property.

WHEREFORE, Plaintiff prays for judgment as set forth below.

**COUNT IV**
**FRAUD**
**(AS TO ALL DEFENDANTS)**

56.     Plaintiff realleges and incorporates by reference all paragraphs above, as though fully set forth in this cause of action.

57.     Defendants represented to Plaintiff that all the statements made to them in the origination and underwriting of the RML were true and that the value of the Subject Property which supported the loan was also true, while concealing Defendants' scheme of conspiracy to exploit Plaintiff for maximizing profits.  Defendants' actions and representations were false and Defendants knew they were false and made such representations without regard to their truth.

[Type text]

58.     When Defendants made their false representations relating to the terms and conditions of the loan, the basis for the offering of such terms and conditions, and of the value of the property. Defendants made them with the intent that Plaintiff would rely on them and sign the loan documents and secure the Subject Property for said loan.

59.     Defendants represented themselves as loan experts and represented their employees or third parties such as the appraiser as experts in the field. Plaintiff relied on Defendants' representations and said reliance was reasonable due to Defendants' advertisement, assertions, licensing and experience in the mortgage industry.

60.     Plaintiff in turn did not have equal opportunity to discover the truth, and reasonably relied on Defendants' misrepresentations to Plaintiff' detriment.  Defendants fraudulently induced Plaintiff into the loan, and wrongfully extracted payments pursuant to a fraudulent note and security deed.

61.     Furthermore, Defendants' actions were intentional, oppressive, and with fraud or malice in conscious disregard of Plaintiff' consumer protection rights, thereby justifying the award of punitive damages in an amount to be proven at trial.

62.     Defendants' fraud has caused Plaintiff damage in an amount to be determined at trial. At a minimum, it includes the amount overpaid by Plaintiff on the fraudulently obtained RML on the Subject Property.

        WHEREFORE, Plaintiff prays for judgment as set forth below.

**COUNT V**
**FRAUD IN THE INDUCEMENT**
**(AS TO ALL DEFENDANTS)**

63.     Plaintiff realleges and incorporates by reference all paragraphs above, as though fully set forth in this cause of action.

[Type text]

64.     In order to induce the Plaintiff to agree to the loan, the defendants made a series of fraudulent promises. These promises include but are not limited to statements about the increase in value of the property, the ease that refinancing would occur, the glossing over of actual monthly payments and the real costs, and the assurance that the value of the property was fair and legitimate.

65.     Plaintiff reasonably relied on defendants' representations and promises due to the fact that they were Lenders and mortgage brokers who were presented as experts in the field.

66.     Furthermore, defendants' action were intentional, oppressive, and with fraud or malice in conscious disregard of Plaintiff's consumer protection rights thereby justifying the award of punitive damages in an amount to be proven at trial.

67.     Defendants' fraud has caused Plaintiff damage in an amount to be determined at trial. At a minimum, it includes amount overpaid to defendants on the fraudulently obtained RMLs on the Subject Property.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## COUNT VI
## CONVERSION
## (AS TO ALL DEFENDANTS)

68.     Plaintiff realleges and incorporates by reference all paragraphs above, as though fully set forth in this cause of action.

69.     As mentioned previously, the defendants induced the Plaintiff to agree to the loan through fraud, deceit, and unfair and deceptive business practices in violation of Georgia state law. Further, the defendants set an unjustly high monthly payment by artificially inflating the value of the property to fraudulently justify a larger mortgage.

[Type text]

70.    By raising the monthly payment rate, the defendants extracted from the Plaintiff a higher amount than the Plaintiff legitimately should have paid.   Further, as required by defendants' own policies, any payments made in excess of the amount owed should be applied directly to the principle of the account. The defendants violated Georgia state law and their own policies by applying the extra payments to interest that were not legitimately owed by the Plaintiff. The defendants improperly converted said funds of Plaintiff for their own use and benefit, thereby making more fraudulent, and risky loans to unsuspecting borrowers.

71.    The monies converted were specific as to source and trial.  Defendants extracted specific mortgage payments from the Plaintiff's bank account for deposit into a debt account labeled as a Residential Mortgage Loan for the Subject Property pursuant to an illegal loan, Defendants have committed unlawful conversion of Plaintiff's personal funds for their own unlawful use.

72.    Furthermore, defendants' actions were intentional, oppressive, and with fraud or malice in conscious disregard of Plaintiff's legal rights as they committed conversion justifying the award of punitive damages in an amount to be proven at trial.

73.    Due to the defendants' conversion, Plaintiff has suffered severe financial hardship. Plaintiff has been damaged in the amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment as set forth below.

### COUNT VII
### QUIET TITLE
### (AS TO ALL DEFENDANTS)

74.    Plaintiff realleges and incorporates by reference all paragraphs above, as though fully set forth in this cause of action.

75.    At all times herein, defendants committed acts of misrepresentations and fraud as to the terms of the loan, mortgage, and value of the property with the intent to exert undue influence.

[Type text]

76.    Plaintiff was under unfair persuasion amounting to undue influence because Defendants positioned themselves in the market where the Plaintiff was justified in assuming that the defendants would not act in a manner inconsistent with Plaintiff's welfare and best interests.

77.    At all time herein, defendants gained unfair persuasion and undue influence by improper means including but not limited to misrepresentations, undue flattery, and fraud.

78.    Defendants by fraud received an iniquitous deed to secure debt to the property for a loan that Plaintiff should not have given or been allowed to take. This loan would not have taken place but for Defendants' wrongful conduct.

79.    Furthermore, defendants' action were intentional, oppressive, and with fraud or malice in conscious disregard of Plaintiffs' rights thereby justifying the award of punitive damages in the amount to be proven at trial

80.    Defendants have created an illegal cloud on title. Plaintiff has suffered severe financial hardship as a result. Plaintiff requests that the court invalidate the deed of trust on the property.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## COUNT VIII
## PETITION FOR INTERLOCUTORY INJUNCTIVE RELIEF (AS TO DEFENDANTS SERVICING, ACTING AS NOMINEE, AND/OR HOLDING AS CREDITOR AND/OR EQUITY HOLDER/CREDITOR THE MORTGAGE LOANS AT ISSUE)

81.    Plaintiff realleges and incorporates by reference all paragraphs above, as though fully set forth in this cause of action.

82.    Defendants are licensed institutional lending experts with the privilege of engaging the general marketplace for the sale of an exclusive service. And they are given this privilege on the condition that they are held to a higher standard of regulatory compliance, fair practice, duty, conscience, expertise and competence, among others. Yet the Defendants in this case have

[Type text]

exploited their public privilege and engaged in systematic misconduct, reaping profits not only from the Plaintiff's home mortgage loan, but from a larger scheme of profiteering off of illegal mortgages spanning over more than a decade, throughout the country. Plaintiff's case as alleged and to be proven at trial, leads to not only preclusion of strict enforcement of the security deed, but also will likely result in permanent injunction and damages both actual and punitive against the Defendants.

83.     The Plaintiff has made multiple clear and convincing cause of actions in which the Plaintiff is likely to succeed. Those arguments, including arguments for fraud, fraud in the inducement, deceptive business practices, and others, are factually supported and are likely to lead to a decision in favor of Plaintiff. On this ground alone, the court may grant the temporary restraining order as permitted under O.C.G.A. §§9-5-1 and 9-11-65.

84.     Defendants threatened wrongful conduct to foreclose and sell the property to a third party, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to Plaintiff by the foreclosure and forced sale of the property. Under Georgia law real property is considered unique, the wrongful loss of which cannot be adequately remedied at law.   Further, any foreclosure and forced sale of the property will reduce the value of the property and jeopardize Plaintiff's interest in the Property.  Interlocutory relief shall preserve the status quo until final adjudication at trial.  On this ground alone, the court may grant the temporary restraining order as permitted under O.C.G.A. §§9-5-1 and 9-11-65.

85.     Plaintiff has no adequate remedy at law for the injuries that are threatened as a foreclosure and forced sale would wrongfully deprive Plaintiff of their property rights, create extensive disruption and harm in every aspect of Plaintiff's life, and reduce Plaintiff's equity

[Type text]

interest in the property. On this ground alone, the court may grant the temporary restraining order as permitted under O.C.G.A. §§9-5-1 and 9-11-65.

86.     As a proximate result of Defendants' wrongful conduct, Plaintiff's equity interest and potential sale has been totally lost. Plaintiff will be further damaged if defendants are allowed to proceed with the sale of the foreclosed property. The full amount of this damage is not now known to Plaintiff, and Plaintiff will amend this complaint to state this amount when it becomes known to them or on proof of the damages.

87.     An interlocutory injunction enjoining Defendants from foreclosure upon the Subject Property maintains the status quo, prevents perpetuation of irreparable harm and further tortuous acts, serves the principals of justice and equity, and is strongly supported as to the merits under the facts and legal arguments outlined herein.

        WHEREFORE, Plaintiff prays for interlocutory injunctive relief to enjoin Defendants from foreclosing on the Subject Property.

**AS TO ALL CAUSES OF ACTION PLAINTIFF PRAYS FOR JUDGMENT AS FOLLOWS:**

1.     Pursuant to O.C.G.A. § 10-1-372, et. seq., that all defendants, their employees, agents, representatives, successors, assigns, and all persons who act in concert with them be immediately and permanently enjoined from making any untrue or misleading statements or falsely reporting negative credit to reporting agencies.

2.      Pursuant to O.C.G.A. § 10-1-372, et. seq., that the Court make such orders or judgments as may be necessary to prevent the use or employment by any Defendant of any practices which violate, or which may be necessary to restore to any person

[Type text]

interest any money or property, real or personal, which may have been acquired by means of any such practices

3.  Pursuant to O.C.G.A. § 10-1-372, et. seq., that this Court make such order or judgments as may be necessary to prevent the use of employment by any Defendant of any practice which constitutes a deceptive trade practice or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unlawful actions.

4.  Damages sustained by the Plaintiff due to defendants' wrongful acts in excess of the jurisdictional limits in an amount to be proven at trial;

5.  For rescission;

6.  For interest on the sum at the rate of 10% per annum;

7.  For punitive damages against Defendants due to their intentional and wrongful acts;

8.  That Plaintiff recover reasonable attorneys fees and for to recover its cost of suit;

9.  For such other relief that the Court deems just, proper, and equitable.

DATED: _May 12_, 2009

**Respectfully Submitted,**

_Irene Kim_

Irene Kim, Esq.
Bar #141924
Geerdes and Kim, LLC
3483 Satellite Blvd.
Duluth, Georgia 30096
404-257-1777
404-257-1050 (fax)

**ATTORNEY FOR PLAINTIFF**

[Type text]



# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

### 136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
## SUMMONS

Byonrg N. Kim

Case No.: 2009 CV 169019

**Plaintiff,**

vs.

citimortgage, Inc., mortgage Electronic Registration systems

**Defendant**

TO THE ABOVE NAMED DEFENDANT(S).

Your are hereby summoned and required to file with the Clerk of said Court and serve upon plaintiff's attorney, whose name and address is:

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This _____ 12 _____ day of _____ May _____, 20 09

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court

By_____
Deputy Clerk

To defendant upon whom this petition is served:

This copy of complaint and summons was served upon you_____, 20_____

_____
Deputy Sherriff

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used

S/C

**SHERIFF'S ENTRY OF SERVICE**

RECEIVED MAY 12 2009

Civil Action No. 2009CV169 018

Date Filed 5/17/2009

Attorney's address
3465 Satellite Blvd Ste. 221-8
Duluth, GA 30046

Name and Address of Party to be Served
Citimortgage Inc
1/0 CT Corporation System
1201 Peachtree, Atlanta GA 30361

SUPERIOR COURT

GEORGIA, FULTON COUNTY

Byoung Kim

_____ Plaintiff
VS.
Citimortgage, Inc, et. al.

_____ Defendant

**SHERIFF'S ENTRY OF SERVICE**

FILED IN OFFICE
MAY 15 2009
DEPUTY CLERK SUPERIOR (W)
FULTON COUNTY, GA

**PERSONAL**

☐ I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTOROUS**

☐ I have this day served the defendant _____ by leaving a copy
of the action and summons at his most place notorious place of abode in this county.

Delivered same into hands of _____ described as follows

age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of the defendant.

**CORPORATION**

☑ Served the defendant CITI MORTGAGE INC a corporation
by leaving a copy of the within action and summons with CT CORP R/A
in charge of the office and place of doing business of said Corporation in this County

**TACK & MAIL**

☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail; First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons

**NON EST**

☐ Diligent search made and defendant _____

not to be found in the jurisdiction of this court

This 14TH day of MAY 2009

=#23217

_____ DEPUTY

SHERIFF DOCKET _____ PAGE _____

WHITE-CLERK; CANARY-PLAINTIFF; PINK-DEFENDANT



## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

Byoung N. Kim

    Plaintiff,

v.

CITIMORTGAGE, INC,; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS;
and DOES 1 through 10, inclusive,

    Defendant.

)
)
)
)
)
)
)
)
)
)

CIVIL CASE NO: 2009CV169018

FILED IN OFFICE
MAY 19 2009
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

### MOTION FOR APPOINTMENT OF PRIVATE PROCESS SERVER

  COMES NOW the Plaintiff in the above action and moves the Court for appointment of a private process server for purpose of serving process upon Defendant, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., in the above captioned case. Plaintiff request that the Court grant his/her motion because Defendant is headquartered and receives service of process in the State of Florida.

  The plaintiff request that the following private process server experienced serving process upon the defendant be appointed:

> Magnus Process Serving
> 4508 SE 2nd PL
> Ocala, FL 34471

  Magnus Process Serving is an entity not related to any party, has no interest in the above styled case, over the age of 18 years of age, and is a resident of the State of Florida. Plaintiff has attached information regarding the suggested private process server attached hereto as EXHIBIT A.

This 19th day of May 2009.

      Respectfully submitted,

      *Irene Kim*

      Irene Kim, Esq.
      Attorney for Plaintiff

FILED IN OFFICE
MAY 19 2009
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

### ORDER

  Plaintiff's Motion having been read and considered, and it appearing to the Court that such an appointment is authorized and should be made, IT IS HEREBY ORDERED that MAGNUS PROCESS SERVICING or any other agent of Magnus Process Servicing, over the age of 18 years of age, and a citizen of the United States, are specially appointed to serve a copy of the Summons and Complaint in this action.

  SO ORDERED, this 19 day of May, 2009.

            _____
            Judge, Superior Court of Fulton County



## Magnus Process Serving

We make house visits
We make business visits



**PROCESS SERVING**

Hand Delivered
Letters to Debtors

4508 SE 2nd PL.

Ocala, FL 34471

Office 352-624-1884

Fax 775-206-9612

- Home
- Services
- Coverage Area
- About Us
- Links
- Contact Us

<



### About The Owner



### Bryan McManis Owner

**Education:**

We are a Family Owned Business that uses Modern Technology to get the Job done! Bachelor Of Science Degree in Business Administration  University of Central Florida, Orlando,Florida.

Associate Of Arts Degree in Photography. Central Florida Community College, Ocala, Florida

Graduate of Detective Training Institute.

Graduate of the Florida Institute of Criminal Justice.

Graduate of the Proctor & Gamble Role University, Atlanta Georgia.

Graduate of the Proctor & Gamble Fast Start Training Course. Tampa, Florida.

Graduate of the Marion County Sheriff Citizens Academy

**Professional License:**

Certified and Bonded Process Server for the Fifth Circuit Court. Marion County Florida  # 04-3-7

Kodak Certified Photo Specialist

Certified Legal Photographer

**Professional Affiliations:**

Member of NAPPS (National Association of Professional Process Servers)
Member of NAIS (National Association of Investigative Specialists)
Member of NPSA (Nationwide Process Servers Association)
Member of AAPS (American Association of Process Servers)
Member of IPSA (International Process Servers Association)

Phi Theta Kappa National Honor Society, C.F.C C.
Phi Theta Kappa National Honor Society Alumni, UCF
Pi Kappa Alpha National Fraternity, UCF
KC Alvarez Award for Outstanding Student, FICJ, CFCC



PLAINTIFF'S
EXHIBIT
A

# General Civil Case Filing Information Form (Non-Domestic)

I

**Court**
☑ Superior
☐ State

**County** Fulton

**Docket #** 2009CV169018

**Date Filed** 5/12/2009
MM-DD-YYYY

**Plaintiff(s)**

Kim Byong N
Last    First    Middle I. Suffix Prefix    Maiden

_____
Last    First    Middle I. Suffix Prefix    Maiden

_____
Last    First    Middle I Suffix Prefix    Maiden

_____
Last    First    Middle I. Suffix Prefix    Maiden

**No. of Plaintiffs** 1

**Defendant(s)**

Citimortage, Inc
Last    First    Middle I. Suffix Prefix    Maiden

Mortgage Electronic Registration System
Last    First    Middle I. Suffix Prefix    Maiden

_____
Last    First    Middle I. Suffix Prefix    Maiden

_____
Last    First    Middle I. Suffix Prefix    Maiden

**No. of Defendants** 2

**Plaintiff/Petitioner's Attorney**    ☐ Pro Se

Geardes + Kim, LLC
Last    First    Middle I.    Suffix

**Bar #** _____

IV

TV

FILED IN OFFICE
MAY 1 2 2009
[signature]
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

---

| Check Primary Type (Check only ONE) |
|---|
| ☐ Contract/Account |
| ☐ Wills/Estate |
| ☑ Real Property |
| ☐ Dispossessory/Distress |
| ☐ Personal Property |
| ☐ Equity |
| ☐ Habeas Corpus |
| ☐ Appeals, Reviews |
| ☐ Post Judgment Garnishment, Attachment, or Other Relief |
| ☐ Non-Domestic Contempt |
| ☐ Tort (If tort, fill in right column) |
| ☐ Other General Civil Specify _____ _____ |

| If Tort is Case Type: (Check no more than TWO) |
|---|
| ☐ Auto Accident |
| ☐ Premises Liability |
| ☐ Medical Malpractice |
| ☐ Other Professional Negligence |
| ☐ Product Liability |
| ☐ Other Specify _____ _____ |

**Are Punitive Damages Pleaded?** ☐ Yes ☐ No

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the

within and foregoing NOTICE OF REMOVAL upon counsel of record in this

matter by causing the same to be deposited in the United States mail, with

sufficient postage thereon, addressed as follows:

> Irene Kim, Esq.
> Geerdes and Kim LLC
> 3483 Satellite Blvd.
> Duluth, Georgia 30096

This 15th day of June, 2009.

John K. Larkins III
Georgia Bar No. 438417

ROGERS & HARDIN LLP
229 Peachtree Street, NE
2700 International Tower
Atlanta, GA 30303
Telephone: 404-522-4700
Facsimile: 404-525-2224
Email: cwillis@rh-law.com

Attorneys for Defendants CitiMortgage,
Inc. and Mortgage Electronic
Registration Systems, Inc.