IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BYOUNG N. KIM, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITIMORTGAGE, INC.; )<br>MORTGAGE ELECTRONIC )<br>REGISTRATION SYSTEMS, INC.; )<br>and DOES 1 through 10, Inclusive, )<br>)<br>Defendants. )<br>_____ ) | CIVIL ACTION NUMBER:<br>1:09-CV-1594-TWT |

**PLAINTIFF'S MOTION TO SET ASIDE ENTRY OF DEFAULT JUDGMENT FOR THE DEFENDANT CITIMORTGAGE, INC.**

COMES NOW, Plaintiff, BYOUNG N. KIM, through undersigned counsel, pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, and hereby moves this court to set aside default judgment entered in favor of Defendant, Citimortgage, Inc. ("Citimortgage"), on its counterclaim against Plaintiff. In support thereof, Plaintiff attaches his answer to Defendant Citimortgage's Counterclaim and further states the following:

**STATEMENT OF FACTS**

Plaintiff commenced this action on or about May 12, 2009, in the Superior Court of Fulton County, Georgia, alleging several state law causes of action

1

against the Defendants for violations of the Georgia Uniform Deceptive Trade Practices Act (UDTPA); Georgia Residential Mortgage Act (GRMA); Georgia Fair Business Practice Act (FBPA); fraud, fraud in the inducement, conversion, quiet title, libel, conspiracy, and for interlocutory injunctive relief.

Plaintiff's claims arise from a residential mortgage loan contract entered into with the Defendants for the purchase of Plaintiff's residential property located in Fulton County, Georgia. In order to purchase the subject property, the Plaintiff was fraudulently induced by the Defendants, into entering two residential mortgage loans: a primary loan in the amounts of $382,500.00. Defendant, Citimortgage, is the lender and originator of this loan.

On June 15, 2009, Defendant, Citimortgage, together with co-defendants Citigroup Inc., and Mortgage Electronic Registration Systems, Inc. ("MERS"), removed this action to the Federal District Court. Thereafter, on June 15, 2009, Citimortgage filed an Answer to the Plaintiff's Complaint which included a counterclaim against the Plaintiff for an alleged Breach of the residential mortgage loan contract at issue in this action.

On July 29, 2009, Defendant, Citimortgage, moved the Court for entry of default judgment as to its Counterclaim against the Plaintiff for alleged breach of contract. As damages, Defendant also sought the amount of the entire principal

balance of the disputed contract, plus late fees and attorney fees. The Clerk's Office entered Defendant's default on August 18, 2009. Plaintiff is yet to be served with a copy of Entry of Default and is thus unable to attach copy to this motion.

For the reasons set forth below, chief among them, that the graverman of the Plaintiff's Complaint is the residential mortgage loan contract at issue, which Plaintiff alleges was the product of Defendant's misleading, fraudulent and deceptive conduct, and for which Plaintiff has a valid defense, default judgment in favor of Defendant, Citimortgage, should be set aside as to its counterclaim for Breach of Contract against the Plaintiff.

### ARGUMENTS AND CITATION OF AUTHORITY

In general, "defaults are seen with disfavor because of the strong policy of determining cases on their merits." Am. Econ. Ins. Co. v. Murphy, 2007 U.S. Dist. LEXIS 82257 (2007); Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985) ("Entry of judgment by default is a drastic remedy which should be used only in extreme situations…").

Fed. R. Civ. P. 55(c) gives district court discretion to set aside an entry of default for "good cause shown." Although the good cause standard is highly discretionary and fact-specific, the Eleventh Circuit has outlined a number of guidelines for considering motions under Rule 55(c), including: (1) whether the

default was culpable or willful; (2) whether setting the default judgment aside would prejudice the adversary; and (3) whether the defaulting party presents a meritorious defense. *Id* Am. Econ. Ins. Co. v. Murphy; Ritts v. Dealers Alliance Credit Corp., 989 F. Supp. 1475, 1480 (N.D. Ga. 1997). These factors are not "talismanic," however, and courts have examined a number of other factors including "whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default." Id. Whatever factors are employed, the court's overriding concern should be the strong public policy in favor of determining cases on their merits. See, Florida Physician's Ins. Co., Inc. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993) (Citing Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc., 740 F.2d 1499, 1510 (11th Cir. 1984)).

Here, Plaintiff has shown good cause for setting aside the Clerk's default judgment. While Plaintiff did not file an Answer to the Defendant's counterclaim for breach of contract within the timeframe provided for under the federal rules, Plaintiff's error was not willful. Rather, it was an inadvertent, by counsel, arising from a mistake in the calendaring of the response due date, which was mistakenly scheduled on the wrong calendar date. Moreover, as stated, the graverman of the Plaintiff's action is the legality of the disputed contract which Plaintiff asserts was

4

procured by Citimortgage through fraud, misrepresentation and deceptive business practices in violation of several state laws protecting consumers, including Plaintiff, from such unlawful conduct by the Defendants. To grant default judgment to Citimortgage as to its counterclaim would be illogical under the circumstances given that the Plaintiff's causes of action are in direct defense and contravention to Defendant's allegations of breach of contract per its counterclaim. Because Plaintiff has a meritorious defense as to the Defendant's counterclaim, default judgment should be set aside.

Furthermore, Citimortgage will not suffer any significant prejudice should default be set aside since Defendant will nonetheless still have to defend against the Plaintiff's several causes of action, as alleged in Plaintiff's Complaint, arising from the same disputed contract.

An "action on a motion to set aside a default is within the discretion of the district court." Cobb v. Dawson, 2007 U.S. Dist. LEXIS 76246 (2007) (Citing, Robinson v. United States, 734 F.2d 735, 739 (11th Cir. 1984)). Because Rule 55(c) relief is flexible rather than an immutable, and the circumstances of the case clearly show that Plaintiff has a meritorious defense to the Defendant's allegations of breach of contract, in the interest of reaching the merits of this case, there is good cause for the Court to set aside default judgment.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court set aside the Clerk's default judgment in favor of Defendant and proceed with the merits of this case.

Date: August 21, 2009                                    Respectfully Submitted,

/s/ Holly Geerdes
Holly Geerdes, Esq.
Georgia Bar No. 288705
GEERDES & KIM, LLC
3483 Satellite Boulevard
Suite 221 S
Duluth, GA 30096
Tel: (404)-257-1777
Fax: (404)-257-1050
*Attorney for Plaintiff*

## CERTIFICATE OF COMPLIANCE

The undersigned counsel hereby certifies that this *Plaintiff's Motion to Set Aside Entry of Default Judgment for the Defendant Citimortgage, Inc.* was prepared using Time New Roman 14 point, in accordance with L.R. 5.1(B).

/s/ Holly Geerdes
Holly Geerdes, Esq.
Georgia Bar No. 288705
GEERDES & KIM, LLC
3483 Satellite Boulevard
Suite 221 S
Duluth, GA 30096
Tel: (404)-257-1777
Fax: (404)-257-1050
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on August 21, 2009, a true and correct copy of the foregoing document was served electronically by the U.S. District Court for the Northern District of Georgia's Electronic Document Filing System (ECF) upon the following attorneys for Defendants:

Christopher J. Willis, Esq.
John K. Larkins III, Esq.
ROGERS & HARDIN LLP
229 Peachtree Street, NE
2700 International Tower
Atlanta, GA 30303
Telephone: 404-522-4700
Facsimile: 404-525-2224
Email: CJW@rh-law.com
*Attorneys for Defendants Citimortgage, Inc., CitiGroup Inc., and Mortgage Electronic Registration Systems, Inc.*

/s/ Holly Geerdes
Holly Geerdes